BROOKHAVEN LUMBER & MFG. CO. *v.* MISSISSIPPI CENT. R. Co.

(Division B. April 21, 1928.)

[122 So. 472. No. 27287.]

*J. Morgan Stevens,* of Jackson, and *A. F. Kelly,* of Hattiesburg, for appellant.

*T. Brady, Jr.,* of Brookhaven, and *Hannah & Simrall,* of Hattiesburg, for appellee.

ETHRIDGE, P. J., delivered the opinion of the court.

Appellant was complainant in the court below and filed its bill against the railroad company to recover seven thousand four hundred seven dollars and six cents, the alleged overpayment of freight on logs shipped by appellant to its mill at Hattiesburg, Miss., over the lines of appellee, and also to recover nine thousand six hundred eighty-one dollars and eighty-four cents because of the failure of appellee to provide cars, equipment, and transportation for the logs and timber. The contract relied upon as to the overpayment of freight was entered into and dated March 7, 1906, and read as follows:

"This agreement entered into this the seventh day of March, 1906, between the Mississippi Central Railroad Company, party of the first part and the Brookhaven Lumber and Mfg. Co., of Hattiesburg, Mississippi, party of the second part, Witnesseth; That the party of the first part agrees to put in a switch from their line to the present site of the plant of the party of the second part just south of Hattiesburg without cost to the party of the second part. That the party of the first part also agrees to give to the party of the second part the same rates on business as they may enjoy from the G. & S. I. R. R. including the flat rate of five dollars per car on inbound lumber shipments, with the understanding that the same amount of lumber in feet shall move over the M. C. R. R. as moves in. This contract to remain in effect during the existence of the party of the second part with one year allowance for rebuilding in case plant is destroyed. Witness our signatures this the 7th day of March, 1906. M. H. McCabe, Supt. and Traf. Mgr. for the Mississippi Central R. R. M. Dreyfus, V. P. and Treas. for the Brookhaven Lbr. & Mfg. Co."

The bill charged that the railroad company breached its contract because said Mississippi Central Railroad Company did not accord to appellant the same rates on business as were accorded it by the Gulf & Ship Island Railroad Company, and also charged that from September 15, 1920, until February, 1923, the Gulf & Ship Island Railroad Company had in effect tariffs, section B of which accorded to appellant rates on logs, when shipped in ten-car lots, much lower than the rates which the appellee accorded the appellant, and that the appellee breached its agreement with the appellant by failing and refusing to give the appellant the same rates accorded by section B of the said tariffs.

It is not alleged nor shown that the Mississippi Central Railroad Company adopted any rate according to section B of the tariffs, which is relied on in the bill, promulgated by the Gulf & Ship Island Railroad Company with the Interstate Commerce Commission and the state railroad commission. It is shown in the proof that the logs were shipped over the Mississippi Central Railroad upon tariffs in effect and enforced by it.

The chancellor below held for the railroad company, dismissing the bill and denying the appellant the relief prayed for.

It is sufficient to justify the holding of the chancellor to state that both the United States and the state of Mississippi have established commissions to regulate railroad tariffs rates and the conduct of their business, and that, under the law, both of the state and the United States, said commissions have the power to fix reasonable rates, and, when so fixed, the railroad companies and all other parties are bound by the tariffs so fixed as long as they remain in force, and no deviation from the charges fixed can be made which have any binding effect without the approval of the railroad commission of a state in case of intrastate rates. and the Interstate Com-

merce Commission in the case of interstate rates. Consequently, the contract above set out cannot be enforced. It was made subject to the power and right of said Commission to fix rates, and subject to the statute providing that when such rates are fixed they should not be departed from. See *Southern R. Co.* v. *Buckeye Cotton Oil Co.*, 126 Miss. 562, 89 So. 228.

There are other reasons which appear to be sufficient for upholding the chancellor's decree in this case, but we deem it unnecessary to discuss or decide them, as the above reason is sufficient to uphold the chancellor's ruling. As to the part of the bill calling for damages for failure to furnish cars, we think the proof is sufficient to authorize the chancellor's finding for the railroad company. Consequently, there is no reversible error in the trial of the case below, and the judgment will be affirmed.

*Affirmed.*